UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JORGE ARENAS,
A-220-487-403

Petitioner,

v.

U.S. ATTORNEY GENERAL, et. al.,

Respondents.

No. 2:26-cv-01354-DC-DMC-HC

ORDER

Petitioner, an immigration detainee who is proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pending before the Court is Respondent's motion to dismiss. See ECF No. 6.

Respondent informed the Court that "[o]n April 2, 2026, the government executed Petitioner's final order of removal." ECF No. 6, pg. 1. Thus, Respondent argues the petition is moot and should be dismissed. See id. The undersigned sought additional documentation to support the claim that Petitioner had been removed and directed Respondent to file an affidavit or sworn declaration in support. See ECF No. 7. Respondent filed a declaration by Kenneth Jager, a Deportation Officer employed by the U.S. Department of Homeland Security. See ECF No. 8.

/ / /

/ / /

/ / /

Under oath and subject to the penalty of perjury, Officer Jager states that he reviewed all the case information within ICE databases regarding Petitioner. I am informed and believe that on April 2, 2026, Petitioner was removed to Mexico at the U.S. and Mexico border crossing near San Ysidro, CA per review of ERO databases. As such, I am informed and believe that on April 2, 2026, Petitioner was removed from the United States to Mexico.

Id. at 1-2 (numbering omitted).

Based on the evidence presented by Respondent, as confirmed by Officer Jager, the undersigned finds that Petitioner has been removed from the United States, is no longer in Respondent's custody, and therefore, his petition for writ of habeas corpus, challenging his detention should be dismissed as moot.

Accordingly, it is RECOMMENDED that the Petition for writ of habeas corpus, ECF No. 1, be DISMISSED, and the motion to dismiss, ECF No. 6, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Thus, within 7 days after being served with these findings and recommendations, any party may file written objections with the Court. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE